# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| McKINLEY DUDLEY, JR., <br><br> Petitioner, <br><br> vs. <br><br> JIM McKINNEY, Warden of the Fort Dodge Correctional Facility, <br><br> Respondent. | No. C15-3105-LTS <br><br> **REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

## I.   INTRODUCTION

This matter is before the court for a decision on the merits of a petition for writ of habeas corpus filed by a state prisoner who claims the State of Iowa violated his constitutional rights. A Cerro Gordo County, Iowa, jury convicted petitioner McKinley Dudley, Jr. (petitioner) of two counts of possession of controlled substances and one count of interference with official acts causing injury. The state court sentenced petitioner to fifteen years in prison as a habitual offender. Petitioner's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner also submitted a *pro se* brief.

Neither party requested an evidentiary hearing[1] or requested oral argument. In any case, I find a hearing unnecessary. Upon review of the record and having considered the arguments made by the parties in their pleadings, I recommend the district court deny the petition for the reasons set forth below.

---

[1] Title 28, United States Code, Section 2254(e)(2) generally bars evidentiary hearings in federal habeas proceedings, with certain exceptions not applicable in this case.
1

## II. PROCEDURAL HISTORY OF THIS FEDERAL CASE

On March 27, 2015, petitioner, an inmate at the Fort Dodge Correctional Facility, filed a *pro se* petition in this court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On April 28, 2015, the court granted petitioner's *pro se* motion to appoint counsel to represent him. Doc. 3. Despite having legal representation, petitioner has filed several "supplements" to his petition. Docs. 12, 15, and 16.

On May 11, 2015, the court entered a briefing scheduling order. Doc. 8. After granting several extensions of the deadlines set out in that order, on January 4, 2016, petitioner's counsel filed petitioner's *pro se* brief. Doc. 19. The following day, petitioner's counsel filed a brief on the merits. Doc. 20. On February 12, 2016, respondent Jim McKinney, Warden of the Fort Dodge Correctional Facility (respondent), filed his brief on the merits. Doc. 27.

On January 5, 2016, the district court referred the case to Magistrate Judge Leonard T. Strand for a report and recommendation. Doc. 1. On February 17, 2016, after Judge Strand was elevated to the District Court bench, the case was reassigned from District Court Judge Mark W. Bennett to Judge Strand, and I was reassigned the task of preparing a report and recommendation. On April 20, 2016, the case was deemed ready for decision after the deadline for filing a reply brief passed.

## III. FACTUAL AND PROCEDURAL HISTORY OF THE STATE CASE

### A. *Criminal Conduct*

The Iowa Court of Appeals previously summarized the relevant facts of the underlying criminal conduct in this case, which I found to be accurate upon my own review of the record.

2

> At about 1:00 a.m. on September 18, 2010, Mason City Police Officer Joshua Eernisse was in a marked patrol car and wearing his uniform. While he and student intern Dustin Hodson were investigating another call, they observed the defendant, McKinley Dudley Jr., riding a bicycle without a headlight.
>
> Officer Eernisse parked his vehicle in a parking lot, got out, and asked Dudley to come over to the patrol car as he intended to inform Dudley it was against city ordinance to ride a bicycle without a headlight. Dudley turned his bicycle and started to ride toward the officer. Officer Eernisse asked Dudley to stop and talk. Dudley approached the officer but continued riding. Officer Eernisse stated, "police, stop," and when Dudley continued to ride, the officer yelled "stop." Officer Eernisse grabbed Dudley's arm. Dudley kept riding. Officer Eernisse tackled Dudley off the bike and in doing so suffered an abrasion to his right knee. Officer Eernisse then placed Dudley in handcuffs and searched him, finding marijuana and methamphetamine.

*State v. Dudley*, 2012 WL 170738, at *1 (Iowa Ct. App. Jan. 19. 2012).

## B. District Court Proceedings

The State of Iowa charged petitioner with two counts of possession of controlled substances, one count of interference with official acts inflicting bodily injury, and one count of public intoxication. *Dudley v. State*, 2014 WL 7343432, at *1 (Iowa Ct. App. Dec. 24, 2014). As the Iowa Court of Appeals summarized, petitioner stated an intention to plead guilty, then failed to do so.

> At the end of November 2010, counsel informed the court Dudley wanted to enter a guilty plea pursuant to the State's plea offer. But at the December 13, 2010 guilty plea hearing, after much preliminary discussion, Dudley did not provide a factual basis for the guilty pleas, and the court reset the case for trial. Subsequently, Dudley filed a *pro se* motion to dismiss, claiming his speedy-trial rights had been violated. The motion was denied.

2014 WL 7343432, at *1. A jury found defendant guilty of the two drug charges and the interference charge, but acquitted him on the public intoxication charge. *Id*. At

3

sentencing, petitioner stipulated to his prior drug and felony offenses. *Id.* Based on that criminal history and his crimes of conviction, the district court sentenced petitioner to fifteen years in prison as a habitual offender. *Id.*

### C. *Direct Appeal*

On direct appeal, petitioner claimed through counsel that, *inter alia*, there was insufficient evidence to sustain his conviction for interference with official acts inflicting bodily injury. The Iowa Court of Appeals sustained that portion of petitioner's appeal regarding the infliction of injury, and remanded the case for entry of judgment on the lesser-included offense of interference with an official acts. 2012 WL 170738, at * 5.

Petitioner also made *pro se* challenges to his conviction and sentence. Petitioner alleged the court improperly sentenced him under the Iowa habitual drug and felony enhancement provisions because the amount of drugs in his possession on this occasion was small. *Id.*, at *6. The Iowa Court of Appeals rejected this argument, finding the sentencing enhancement provisions complied with Iowa law. *Id.* The Iowa Court of Appeals also rejected petitioner's *pro se* argument that his attorney was ineffective. *Id.* at * 6-7. Among other things, petitioner alleged his trial attorney was ineffective for failing to claim the state violated petitioner's speedy trial rights. *Id.* The Iowa Court of Appeals rejected this argument, finding under Iowa law that petitioner waived his right to a speedy trial when he indicated in November the intent to plead guilty. *Id.*, at 6. Under Iowa law, if a guilty plea falls through, as it did in petitioner's case, then the 90-day speedy trial clock starts over. *Id.*, at 7.

4

## D. State Post-Conviction Relief Litigation

In June 2012, petitioner filed a petition for post-conviction relief in state court, claiming trial counsel was ineffective in failing to raise a speedy trial challenge, investigate witnesses, and pursue an *Alford* plea. 2014 WL 7343432, at *2. Petitioner also again challenged his habitual offender sentence, among other things, arguing it constituted cruel and unusual punishment. *Id.*, at *3. The district court held an evidentiary hearing at which defendant, his trial counsel, and two women (who petitioner argued his attorney should have investigated and called as witnesses) testified. *Id.*, at *3. The district court denied petitioner's post-conviction challenge on all grounds. *Id.*

Petitioner appealed the district court's ruling.[2] The Iowa Court of Appeal rejected petitioner's speedy trial claim. In doing so, the appellate court interpreted petitioner's challenge in part as an allegation that he had not consented to his lawyer scheduling a change of plea hearing, which had triggered the waiver of his speedy trial rights. *Id.*, at *4. The appellate court found the district court credited petitioner's attorney, who testified that petitioner requested a change of plea hearing at petitioner's request. *Id.* It further noted that the transcript from the failed plea hearing reflected that petitioner confirmed his intent to plead guilty; the appellate court found this corroborated the attorney's testimony. *Id.*

The Iowa Court of Appeals also rejected petitioner's claim that his trial attorney was ineffective for failing to call witnesses. The appellate court noted that the district

---

[2] Although petitioner asserted before the district court that his attorney had a conflict of interest and was ineffective for (1) failing to disclose drug test results to petitioner, (2) introducing black and white v. color photographs, and (3) failing to explain the maximum possible sentences, petitioner did not pursue these claims on appeal. 2014 WL 7343432, at *2 n.4. These arguments are, therefore, procedurally barred. *Turnage v. Fabian*, 606 F.3d 933, 942 (8th Cir. 2002) ("Before seeking habeas corpus relief under §2254, a prisoner ordinarily must 'fairly present' his federal claims to the state courts.").

5

court did not find the testimony of the witnesses "to be either very credible or very relevant" and credited the trial attorney's testimony that petitioner did not tell the attorney about these potential witnesses. *Id.*, at 5.

Similarly, the Iowa Court of Appeals rejected petitioner's claim that his attorney was ineffective for failing to pursue an *Alford* plea. The appellate court affirmed the district court's finding that the record showed the State would not have agreed to an *Alford* plea, and the State's consent was required by law. *Id.*

Finally, the Iowa Court of Appeals found the sentencing enhancement did not constitute cruel and unusual punishment under the Eighth Amendment. In rejecting this argument, the appellate court relied on United States Supreme Court precedent finding enhanced sentences for recidivists did not constitute cruel and unusual punishment. *Id.* at 6-9 (citing *Parke v. Raley*, 506 U.S. 20 (1992), *Ewing v. California*, 538 U.S. 11 (2003), and *Rummel v. Estelle*, 445 U.S. 263 (1980)).

### IV. STANDARDS FOR SECTION 2254 HABEAS CORPUS RELIEF

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes the standards for this court to review a state prisoner's petition for habeas corpus relief. A federal court will not grant a petition for writ of habeas corpus "unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State [the exhaustion doctrine], (2) there is an absence of available State corrective process; or (3) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that under the AEDPA, a petitioner must exhaust available state remedies). "Before a federal court may grant habeas relief to a state prisoner, the

6

Case 3:15-cv-03105-LTS-CJW    Document 24    Filed 06/22/16    Page 6 of 13

prisoner must exhaust his remedies in state court. In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Boerckel*, 526 U.S. at 845.

In Iowa, a prisoner must seek review through the "ordinary and established appellate review process" which includes an application for further review in the Iowa Supreme Court. *Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010) (internal citation omitted) (holding that an Iowa prisoner failed to exhaust his claims in the State court when prisoner's appeal of the state district court's decision to the Iowa Supreme Court was "deflected to the Iowa Court of Appeals" and the prisoner failed to file for further review in Iowa Supreme Court).

Even when a prisoner's claim has been fully adjudicated in state court, a federal court still may not grant habeas relief unless the state court adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Woods v. Etherton*, 578 U.S. ----, 136 S. Ct. 1149, 1151 (2016) (*per curium*) (quotations and citations omitted). *See also Nash v. Russell*, 807 F.3d 892, 896 (8th Cir. 2015) (holding that under the AEDPA, a federal court can grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable

7

Case 3:15-cv-03105-LTS-CJW    Document 24    Filed 06/22/16    Page 7 of 13

application of, clearly established federal law, as determined by the Supreme Court of the United States.") (quotation and citation omitted).

"Contrary to . . . clearly established Federal law" as referenced in §2254(d)(1), means that the "state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or confront[ed] facts that are materially indistinguishable form a relevant Supreme Court precedent and arrive[d] at a result" opposite to that reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and writing for the majority). Circuit "precedent does not constitute 'clearly established Federal law' . . . ." *Parker v. Matthews*, --- U.S. ----, 132 S. Ct. 2148, 2155 (2012). Federal courts must be deferential in determining if the state court decision was based on "an unreasonable determination of the facts" as described in §2254(d)(2). "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The burden is on the petitioner, and it is a heavy one. "The AEDPA standard is difficult to meet as it is intended 'as a "guard against extreme malfunction in the state criminal justice system," not a substitute for ordinary error correction through appeal.'" *Nash*, 807 F.3d at 397 (quoting *Harrington*, 562 U.S. at 102-03, and *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

## V.    DISCUSSION

Through counsel, petitioner argues he is entitled to relief on the ground that "his trial counsel's assertion to the State of Iowa District Court that he wished to plead guilty was not a result of his doing and, as a result, that his Constitutional Rights were deprived by not being provided a speedy trial as defined under Iowa law by Iowa Rule of Criminal

Procedure 2.33(2)." Doc. 20, at 8. In petitioner's *pro se* brief, he appears to argue that the district court failed to ensure a knowing and voluntary guilty plea, and that this court should excuse any failure to exhaust his remedies on the ground that his attorney was ineffective for failing to preserve this error. Doc. 19, at 2-5. Petitioner also raised a number of issues in his *pro se* petition and supplemental filings, which issues neither he nor his appointed counsel briefed on the merits. I address each of these issues in turn.

### A. *Speedy Trial Issue*

Petitioner alleges that the State violated his right to a speedy trial. Petitioner's argument fails to the extent that he challenges the Iowa procedural rule, which effectively suspends the speedy trial clock once a defendant expresses an intent to plead guilty. Petitioner's speedy trial claim is a product of state law; he is not alleging the rule was contrary to a clearly established federal law as established by the United States Supreme Court, or that the State unreasonably applied a clearly established federal law. The validity of the State procedural rule turns on an application of state law, not federal law. Iowa courts, not federal courts, "determine and define the scope" of Iowa law. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). The Iowa Court of Appeals has found that defendants waive their speedy trial rights when they notify the court of an intent to plead guilty. *See State v. Warmuth*, 533 N.W. 2d 163 (Iowa Ct. App. 1995). Appointed counsel properly acknowledged that a claim that the State deprived petitioner of a speedy trial as guaranteed him by state law is not a ground for federal relief in a Section 2254 petition. *See, e.g.*, *Poe v. Caspari*, 29 F.3d 204, 207 (8th Cir. 1994); *Powers v. White*, 680 F.2d 51, 54 (8th Cir. 1982).

The Sixth Amendment to the United States Constitution does guarantee defendants a right to a speedy trial. *United States v. Brown*, 325 F.3d 1032, 1034 (8th Cir. 2003). Petitioner has not claimed a violation of his Sixth Amendment right to a speedy trial, but

even were the court to liberally construe his petition as making that claim, the claim would still fail. A Sixth Amendment speedy trial violation requires a showing that the elapse of time "crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651 (1993). Generally, a delay exceeding one year crosses that line. *Brown*, 325 F.3d at 1034. Here, the State tried petitioner within four months of his arrest. Accordingly, there is no Sixth Amendment speedy trial violation here.

Petitioner's argument may also be construed as one attempting to relitigate the question of whether he authorized his attorney to notify the court of his intent to plead guilty, which triggered the waiver of the speedy trial clock. That claim suffers from the same defects as his challenge to the State law in that it does not raise a claim that the State court ruled in a manner that was clearly contrary to, or an unreasonable application, of federal law. Moreover, the State district court made a credibility finding during the state post-conviction hearing, based on testimony from petitioner's attorney as corroborated by the failed plea hearing transcript, that petitioner requested his attorney notify the court of his intent to plead guilty. That state court finding of fact is entitled to a presumption of correctness. *See* 28 U.S.C. 2254(e)(1). "A federal court can only grant habeas relief if the state court's credibility determinations were objectively unreasonable based on the record." *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Based on my review of the record, the state court's determination that petitioner requested his attorney notify the court of his intent to plead guilty was not objectively unreasonable.

### B. Petitioner's Pro Se Claim

In a *pro se* brief, petitioner claims his rights were violated because the state court judge did not conduct an appropriate plea hearing. In the first instance, the court need not consider this *pro se* claim. There is neither a constitutional nor a statutory right to counsel in post-conviction proceedings; rather, the appointment of counsel is committed to the court's discretion. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Baker v. United States*, 334 F.2d 444, 447–48 (8th Cir.1964). The court, however, may appoint counsel in a § 2254 case if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254(h). Here, petitioner asked the court to appoint counsel and, using its discretion, the court granted petitioner's request. Despite that, petitioner has chosen to instruct his appointed counsel to file petitioner's *pro se* brief. Petitioner cannot have it both ways. A "district court may properly require [a] defendant to choose either to proceed *pro se*, with or without the help of standby counsel, or to utilize the full assistance of counsel . . . ." *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992). Petitioner cannot, in other words, engage in hybrid representation, having his appointed counsel file a brief at the same time he files a *pro se* brief. The Eighth Circuit Court of Appeals "generally [does] not consider *pro se* briefs when a party is represented by counsel." *Wayne v. Benson*, 89 F.3d 530, 535 (8th Cir. 1996). This court may do the same and reject petitioner's *pro se* filing.

Regardless, petitioner's *pro se* argument is without merit. Petitioner did not plead guilty—he went to trial. It matters not, then, whether the State district court conducted an adequate plea hearing. Moreover, petitioner's *pro se* brief does not raise an allegation that the State ruled in a manner contrary to a clearly established federal law, or unreasonably applied a clearly established federal law. Accordingly, petitioner's one briefed *pro se* claim fails on its merits as well.

## C. Petitioner's Unbriefed Claims

Petitioner made a number of additional claims in his *pro se* petition and his supplemental *pro se* filings, but neither his attorney nor petitioner briefed those issues on the merits. Accordingly, he has waived those claims. *See*, *e.g.*, *Harper v. Nix*, 867 F.2d 455, 457 (8th Cir. 1989) (holding that claims not briefed by a petitioner's counsel are deemed waived); *Walters v. Maschner*, 151 F. Supp. 2d 1068, 1075 (N.D. Iowa 2001) (same). Regardless, the assertions he makes in those pleadings do not, with one exception, raise claims that the State ruled in a manner contrary to a clearly established federal law, or unreasonably applied a clearly established federal law.[3] Accordingly, they do not state a claim under Section 2254.

The one exception is petitioner's claim that his habitual offender sentence constituted cruel and unusual punishment in violation of his rights under the Eighth Amendment. As noted, the Iowa Court of Appeals applied United States Supreme Court precedent to determine that his sentence did not constitute cruel and unusual punishment. That conclusion was not contrary to, or an unreasonable application, of clearly established federal law. The Supreme Court has repeatedly found that sentencing enhancements based on prior convictions do not violate the Eighth Amendment. *See*, *e.g.*, *Ewing v. California*, 588 U.S.11, 21 (2003) (finding it appropriate in determining a defendant's sentence that the court consider "not only his current felony, but also his long history of

---

[3] One of these claims is that his attorney failed to call witnesses. As noted above, the State court rejected this ineffective assistance of counsel claim, crediting trial counsel's testimony that petitioner did not tell him of the witnesses, and finding the witnesses' testimony was incredible and largely irrelevant in any event. Even were this court to stretch petitioner's claim as one asserting that the State court misapplied the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner's claim would fail on the merits because there is no basis in the record to refute the presumption that the State court's credibility finding was correct. 28 U.S.C. § 2254(e)(1). Moreover, I do not find that the State ruled in a manner contrary to *Strickland*, or unreasonably applied *Strickland*.

12

felony recidivism"); *Rummel v. Estelle*, 445 U.S. 253, 284-85 (1980) (holding that a life sentence for a three-time felony offender did not violate the Eighth Amendment).

Here, petitioner had four prior drug convictions and seven prior felony convictions. *Dudley*, 2014 WL 7343432, at *1 n.2. The State court's conclusion that a fifteen year sentence based on his recidivism was not clearly contrary or an unreasonable application of federal law. Accordingly, petitioner's Eighth Amendment argument fails on its merits, even if this court chose to consider this unbriefed, *pro se* claim.

## VI. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I recommend that petitioner's habeas corpus petition be **dismissed with prejudice**. I further recommend the court deny petitioner a Certificate of Appealability because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(3).

Objections to this R & R must be filed within fourteen (14) days of the service of a copy of this R & R. 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b). Objections must specify the parts of the R & R to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the R & R waives the right to *de novo* review by the district court of any portion of the R & R as well as the right to appeal from the finding of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 22nd day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa