# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MCKINLEY DUDLEY, JR., <br><br> Petitioner, <br><br> vs. <br><br> JIM MCKINNEY, <br><br> Respondent. | No. C15-3105-LTS <br><br> **ORDER** |

## *I. INTRODUCTION*

This matter is before me on a Report and Recommendation (R&R) (Doc. No. 24), filed by the Honorable C.J. Williams, United States Chief Magistrate Judge, on June 22, 2016. The R&R addresses an application for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 4), filed by McKinley Dudley, Jr. (petitioner) on April 28, 2015. Judge Williams recommends that I deny petitioner's application and decline to grant a certificate of appealability. *Id*. Petitioner filed timely, but unspecific, objections (Doc. No. 25) to the R&R on July 6, 2016.

## *II. STANDARDS FOR REVIEW OF A REPORT AND RECOMMENDATION*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2)-(3) (providing procedure to file written objections and making clear that, where a proper objection is made, the district judge must determine de novo a magistrate judge's recommendation on a dispositive motion). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of the issue.

Any portions of a R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed, "[the district judge] would only have to review the findings of the magistrate judge for clear error"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review a R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## *III. ANALYSIS*

"Petitioner objects to the conclusion and recommendation that [his application] be dismissed with prejudice [and] further objects to the recommendation that the Court deny Petitioner a Certificate of Appealability." However, he does not respond to the analysis in the R&R. Indeed, petitioner's objections do not identify any particular finding of fact or conclusion of law and attempt to explain why it is incorrect. Because petitioner has not objected to any specific portion of the R&R, it is appropriate for me to review it under a clearly erroneous standard of review. After conducting that review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the R&R. *Anderson*, 470 U.S. at 573-74.

Given the record, which includes but is not limited to the application for writ of habeas corpus (Doc. No. 4), respondent's answer (Doc. No. 6), the relevant state court documents (Doc. No. 7), petitioner's briefs (Doc. Nos. 19, 20), respondent's brief (Doc. No. 18), the R&R (Doc. No. 24) and the objections (Doc. No. 25), I find that there is no basis to grant relief under 28 U.S.C. § 2254(d). *See generally Harrington v. Richter*, 562 U.S. 86, 101-03 (2011). The R&R contains a very thorough and cogent analysis of the facts and applicable law. Judge Williams' recommended disposition of the application for writ of habeas corpus and issuance of a certificate of appealability is fully supported by the factual record and controlling legal authorities. Thus, I will adopt the R&R without modification.

## *IV. CONCLUSION*

After thoroughly reviewing the record, I find that petitioner's claims are without merit. It is appropriate to deny the application for writ of habeas corpus because the Iowa courts neither reached a decision contrary to that reached by the United States Supreme Court on a question of law nor correctly identified the applicable principles of

3

federal law but then unreasonably applied that law to the facts of petitioner's claims. *See* 28 U.S.C. § 2254(d)(1). Nor was any decision by the Iowa courts based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Consequently, the claims that petitioner raised in the application for writ of habeas corpus do not warrant relief under 28 U.S.C. § 2254(d). Finally, I conclude that there is no reason to grant a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS HEREBY ORDERED:**

(1) Petitioner's objections (Doc. No. 25) are **OVERRULED**.

(2) Judge Williams' Report and Recommendation (Doc. No. 24) is **ADOPTED**.

(3) Petitioner's application for writ of habeas corpus (Doc. No. 4) is **DENIED**.

(4) A certificate of appealability is **DENIED**, as petitioner failed to make the requisite "substantial showing" with respect to the claims that he raises in his application for writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. If he desires further review of his application, petitioner may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals, in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 25th day of May, 2017.

_____
Leonard T. Strand, Chief Judge